UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RAINA SCHERER and VERONICA NAVARRO, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

TAPESTRY, INC., *a Maryland corporation*; and COACH SERVICES, INC., *a Maryland corporation*,

Defendants.

Case No. 6:26-cv-00211-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiffs Raina Scherer and Veronica Navarro ("Plaintiffs") bring this putative class action against Defendant Tapestry, Inc. and its subsidiary Coach Services, Inc. (collectively, "Defendants"), alleging violations of the Oregon Unlawful Trade Practices Act ("UTPA"), Or. Rev. St. §§ 646.605 et seq., and—in the alternative—alleging an unjust enrichment claim. First Am. Compl. ¶¶ 1, 14-15, 88-139, ECF No. 8. Before the Court is Defendants' Motion to Dismiss. ECF No. 17. For the reasons below, Defendants' Motion to Dismiss is denied.

**BACKGROUND**

Plaintiffs are Oregon residents who shop and purchase "made-for-outlet" clothing products at Defendants' Coach Outlet retail stores in Oregon. First Am. Compl. ¶¶ 2, 6, 12-13, 29. Defendants almost always sell their products at a discount in relation to a prominently

featured "comparable value price," which is the purported price at which the same products are sold at Defendants' competitors' locations. *Id.* ¶¶ 3-4, 28-30. Plaintiffs allege that Defendants' competitors' actual selling prices are "a fraction" of Defendants' listed comparable value prices, and that Defendants' comparable value prices create a false impression that consumers are receiving "substantial savings on goods of significant value." *Id.* ¶¶ 3, 5.

Plaintiffs bring this case on behalf of themselves and a proposed class of all persons who "purchased one or more [Coach Outlet] products in the State of Oregon at a discount to a ticketed comparative price." *Id.* ¶ 79. In Count I of their Complaint, Plaintiffs allege violations of numerous provisions of the UTPA. *Id.* ¶¶ 88-133. In Count II, Plaintiffs assert an unjust enrichment claim based on Defendants' retained monetary benefit that they received from their pricing practice, under which Plaintiffs seeks equitable relief. *Id.* ¶¶ 134-139. Plaintiffs' equitable unjust enrichment claim is expressly pled "only to the extent statutory remedies under the Oregon UTPA are deemed unavailable or inadequate." *Id.* ¶ 135. Defendant moves to dismiss Plaintiff's unjust enrichment claim (Count II) only.

**STANDARD**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *L.A. Lakers,* 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**DISCUSSION**

Defendants move to dismiss Plaintiffs' unjust enrichment claim for failure to state a claim, contending that Plaintiffs' failure to allege that they lack an adequate remedy at law is fatal to their equitable unjust enrichment claim under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). Plaintiffs argue that *Sonner* has limited applicability at the pleading stage, particularly where the equitable claim is pled in the alternative.

In *Sonner*, the plaintiff alleged a claim for equitable restitution under California's Unfair Competition Law alongside a damages claim under the Consumers Legal Remedies Act. *Id.* at 838. But "[o]n the brink of trial after more than four years of litigation, [the plaintiff voluntarily dismissed her sole state law damages claim and chose to proceed with only state law equitable claims." *Id.* at 837. The district court then granted the defendant's motion to dismiss, finding that the plaintiff had failed to establish that she "lacked an adequate legal remedy for the same past harm for which she sought equitable restitution." *Id.* at 838. The Ninth Circuit affirmed,

explaining that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm." *Id*. at 844.

As is evident from the parties' briefing—each of which cites numerous cases in support of their respective positions—district courts are split on what *Sonner* requires of plaintiffs at the pleading stage, especially when the equitable claims are pled in the alternative to the legal ones. Defendants cite cases in which district courts in the Ninth Circuit have concluded that pleading equitable remedies in the alternative is insufficient under *Sonner*. *See, e.g., Clevenger v. Welch Foods Inc.*, 2022 WL 18228288, at *4 (C.D. Cal. Dec. 14, 2022) (collecting cases in which courts have "explicitly rejected" the idea that *Sonner* allows pleading equitable remedies in the alternative). [1] Such courts generally conclude that, under *Sonner*, claims for equitable relief must affirmatively demonstrate the inadequacy of a legal remedy, even when pled in the alternative. *See, e.g., Ibarra v. Pharmagenics LLC*, 660 F. Supp. 3d 914, 923 (C.D. Cal. 2023); *Clark v. Eddie Bauer LLC*, 2021 WL 1222521, at *4 (W.D. Wash. Apr. 1, 2021), *aff'd in part, rev'd in part and remanded on other grounds,* 2024 WL 177755 (9th Cir. 2024). On the other hand, Plaintiffs cite cases that explain that *Sonner* "provides limited guidance for pleading claims for legal and equitable relief" and that "there is no binding precedent that holds that pleading equitable restitution in the alternative is improper." *Jeong v. Nexo Fin. LLC*, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022) (collecting cases).

Having reviewed *Sonner* and the district court cases cited by both parties, the Court agrees with the reasoning of those cases which conclude that it is sufficient at the pleading stage

[1] Defendants rely heavily on the Ninth Circuit's unpublished memorandum decision in *In re Apple Processor Litig.*, No. 22-16164, 2023 WL 5950622 (9th Cir. 2023). But that decision does not address the issue of pleading in the alternative, and the Court therefore does not find it instructive in addressing the issue raised by Plaintiff's alternative pleading practice here.

to allege equitable claims in the alternative to legal claims. The court in *Sonner* was concerned with the plaintiff's "strategic purpose" in that case to dismiss legal claims and proceed on equitable ones in order to try a class action as a bench trial rather than a jury trial. 971 F.3d at 837. The court was deciding "whether a federal court sitting in diversity can award equitable restitution under state law if an adequate legal remedy exists," and, concluding that it cannot, whether the plaintiff there had made that showing such that she could proceed with her strategic choice to pursue equitable claims. *Id.* at 843-844. Plaintiffs alleging equitable claims in the alternative at the pleading stage raise no similar concerns or issues. The Court therefore does not read *Sonner* to require such plaintiffs to demonstrate the inadequacy of legal remedies when pleading an equitable claim in the alternative. *See, e.g., Kathleen Jordan, et. al., Plaintiffs v. Absolute Dental Grp., LLC & Judge Consulting, Inc., Defendants*, 2026 WL 2192233, at *5 (D. Nev. July 29, 2026) (declining to dismiss alternative equitable relief claim under *Sonner* because "[u]nlike the plaintiff in *Sonner*, these plaintiffs plead unjust enrichment in the alternative and expressly allege that they may lack an adequate remedy at law"); *Sean Miran v. Hard Eight Nutrition LLC*, 2026 WL 1770715, at *5 (C.D. Cal. May 19, 2026) (finding that, even under *Sonner*, "[the p]laintiffs' request for restitution under statutes like the UCL and unjust enrichment as remedies in the alternative to legal remedies under CLRA is sufficient and permissible at the pleadings stage"); *Jones v. Reed's, Inc.*, 2026 WL 622724 (N.D. Cal. Mar. 5, 2026) (declining to dismiss a claim for equitable relief on the pleadings based on *Sonner* where the plaintiff pled both legal and equitable claims). That is particularly true where, as here, the equitable claim is expressly qualified on the inadequacy of the statutory damages claim.

Defendants fail to cite any binding precedent supporting their position that a plaintiff must affirmatively identify and plead deficiencies in their primary legal claim as a condition to

asserting an alternative equitable relief claim at the pleading stage. Rather, the Federal Rules of Civil Procedure expressly authorize pleading claims "alternatively or hypothetically," even when such claims are inconsistent. Fed. R. Civ. P. 8(d)(2)-(3). Consistent with Rule 8(d) and in the absence of any precedent imposing the stringent pleading standard Defendants ask this Court to impose, the Court finds it sufficient that Plaintiffs pled their unjust enrichment theory in the alternative and "only to the extent statutory remedies under the Oregon UTPA are deemed unavailable or inadequate." Compl. ¶ 135.The issue of Plaintiffs' entitlement to seek equitable relief may be raised again at a later stage in the case as the record develops on the adequacy of Plaintiffs' legal remedy under the UTPA.

**CONCLUSION**

For the reasons discussed above, Defendants' Motion to Dismiss (ECF No. 17) is DENIED.

DATED this 31st day of August 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge